# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>                       Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,<br><br>                       Plaintiff,<br>    v.<br><br>STEPHEN B. MOORE,<br><br>                       Defendant. | Adv. Proc. No. 19-50350- (BLS) |

## DEFENDANT'S ANSWER AND AFFIRMATICE DEFENSES TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL AND FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 547, 548 & 550

Defendant, Stephen B. Moore ("Defendant"), by and through his undersigned counsel files this Answer and Affirmative Defenses to Plaintiff Michael Goldberg (the "Plaintiff" or "Trustee"), in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust, pursuant to the *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and Its Affiliated Debtors* dated August 22, 2018 (the "Plan") of the debtors in the above-captioned cases (the "Debtors"), for his *Complaint for Avoidance and Recovery of Preferential and Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 547, 548 & 550* (the "Complaint") [ECF No. 1] against Stephen B. Moore (the "Defendant"), a as follows:

1. The allegation contained in Paragraph 1 of the Complaint is a legal conclusion for which no response is required.

2. The allegation contained in Paragraph 2 of the Complaint is a legal conclusion for which no response is required.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. The allegation contained in Paragraph 4 of the Complaint is a legal conclusion for which no response is required.

5. The allegation contained in Paragraph 5 of the Complaint is a legal conclusion for which no response is required.

6. The allegation contained in Paragraph 6 of the Complaint is a legal conclusion for which no response is required.

7. The allegation contained in Paragraph 7 of the Complaint is a legal conclusion for which no response is required.

8. The allegation contained in Paragraph 8 of the Complaint is a legal conclusion for which no response is required.

9. Paragraph 9 of the Complaint is a legal conclusion for which no response is required.

10. The allegation contained in Paragraph 10 of the Complaint is a legal conclusion for which no response is required.

11. Defendant is without knowledge of the allegations contained in paragraph 11 of the Complaint and demands strict proof thereof.

12. Defendant is without knowledge of the allegations contained in paragraph 12 of the Complaint and demands strict proof thereof.

13. Defendant is without knowledge of the allegations contained in paragraph 13 of the Complaint and demands strict proof thereof.

14. Defendant is without knowledge of the allegations contained in paragraph 14 of the Complaint and demands strict proof thereof.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in paragraph 16 of the Complaint.

17. The allegation contained in Paragraph 17 of the Complaint is a legal conclusion for which no response is required.

18. Defendant is without knowledge of the allegations contained in paragraph 18 of the Complaint and demands strict proof thereof.

19. Defendant is without knowledge of the allegations contained in paragraph 14 of the Complaint and demands strict proof thereof.

20. Defendant rellages and incorporates by reference each and every allegation in the above paragraph, as though fully set forth at length.

21. Defendant is without knowledge of the allegations contained in paragraph 21 of the Complaint and demands strict proof thereof.

22. Defendant is without knowledge of the allegations contained in paragraph 22 of the Complaint and demands strict proof thereof.

23. The allegation contained in Paragraph 23 of the Complaint is a legal conclusion for which no response is required.

24. Defendant is without knowledge of the allegations contained in paragraph 24 of the Complaint and demands strict proof thereof.

25. Defendant is without knowledge of the allegations contained in paragraph 25 of the Complaint and demands strict proof thereof.

26. Defendant is without knowledge of the allegations contained in paragraph 26 of the Complaint and demands strict proof thereof.

27. Defendant is without knowledge of the allegations contained in paragraph 27 of the Complaint and demands strict proof thereof.

28. The allegation contained in Paragraph 28 of the Complaint is a legal conclusion for which no response is required.

29. The allegation contained in Paragraph 29 of the Complaint is a legal conclusion for which no response is required.

30. Defendant rellages and incorporates by reference each and every allegation in the above paragraph, as though fully set forth at length.

31. The allegation contained in Paragraph 31 of the Complaint is a legal conclusion for which no response is required.

32. The allegation contained in Paragraph 32 of the Complaint is a legal conclusion for which no response is required.

33. The allegation contained in Paragraph 33 of the Complaint is a legal conclusion for which no response is required.

34. Defendant rellages and incorporates by reference each and every allegation in the above paragraph, as though fully set forth at length.

35. The allegation contained in Paragraph 35 of the Complaint is a legal conclusion for which no response is required.

36. The allegation contained in Paragraph 36 of the Complaint is a legal conclusion for which no response is required.

37. Defendant rellages and incorporates by reference each and every allegation in the above paragraph, as though fully set forth at length.

38. The allegation contained in Paragraph 38 of the Complaint is a legal conclusion for which no response is required.

39. The allegation contained in Paragraph 39 of the Complaint is a legal conclusion for which no response is required.

**WHEREFORE**, Defendant, Stephen B. Moore, requests the entry of a judgment in his favor, denying any relief sought by Plaintiff and awarding such other relief as deemed appropriate under the circumstances.

## AFFIRMATIVE DEFENSE

### First Affirmative Defense

As for his First Affirmative Defense, Defendant states that pursuant to 11 U.S.C. § 547(c)(2), the transfer may not be avoided because it falls within the ordinary course of business defense.

### Reservation of Rights

Defendant reserves his right to assert additional affirmative defenses after he has the opportunity to conduct discovery.

Respectfully submitted on this 8th day of November, 2019.

**THE ROSNER LAW GROUP LLC**

*/s/ Scott J. Leonhardt*
Scott J. Leonhardt (DE 4885)
824 N. Market Street, Suite 810
Wilmington, DE 19801
(302) 777-1111
leonhardt@teamrosner.com

-and-

**LAW OFFICE OF MARK S. ROHER, P.A.**[1]
150 S. Pine Island Road, Suite 300
Plantation, Florida 33324
Email: mroher@markroherlaw.com
Telephone: (954) 353-2200
Facsimile: (877) 654-0090

By: */s/ Mark S. Roher*
    Mark S. Roher
    Florida Bar No. 178098

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of November, 2019, a true and correct copy of the foregoing was served by CM/ECF on all parties listed below.

*/s/ Mark S. Roher*
Mark S. Roher

Bradford J. Sandler (DE Bar No. 4142)
Andrew W. Caine (CA Bar No. 110345)
Colin R. Robinson (DE Bar No. 5524)
PACHULSKI, STANG, ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
email: bsandler@pszjlaw.com acaine@pszjlaw.com crobinson@pszjlaw.com

---

[1] Please direct any correspondence or inquires to Mark S. Roher, Esq.